UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES—GENERAL

Case No. CV 19-4374-MWF (JPRx)			Date: July 19, 2019
Title:	Edward Hocking, et al. v. Ford Motor Company, et al.

Present: The Honorable **MICHAEL W. FITZGERALD, U.S. District Judge**

| Deputy Clerk: | Court Reporter: |
|---|---|
| Rita Sanchez | Not Reported |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None Present | None Present |

**Proceedings (In Chambers):**   ORDER GRANTING MOTION TO REMAND [10]

Before the Court is Plaintiffs Edward Hocking and Kimberly Hocking's Motion to Remand (the "Motion"), filed on June 11, 2019. (Docket No. 10). Defendants Ford Motor Company ("Ford") and Cappo Management XXIX, Inc. d/b/a Harrold Ford ("Harrold Ford") filed an Opposition on June 24, 2019. (Docket No. 14). Plaintiffs filed their Reply on July 1, 2019. (Docket No. 15).

The Motion was noticed to be heard on July 15, 2019. The Court read and considered the papers on the Motion and deemed the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); Local Rule 7-15. The hearing was therefore **VACATED** and removed from the Court's calendar.

For the reasons discussed below, the Motion is **GRANTED**. Ford has not established that Harrold Ford, the dealership, was fraudulently joined, "fraudulently" being used here with its technical jurisdictional meaning. Specifically, Plaintiffs' claim against Harrold Ford might be timely because there are sufficient facts alleged supporting a colorable argument of delayed discovery. The Court also declines to exercise its discretion to drop Harrold Ford as a Defendant. Because Plaintiffs are California residents and Harrold Ford is a California corporation, this Court lacks diversity jurisdiction and the action must be remanded.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 19-4374-MWF (JPRx)          Date:  July 19, 2019
Title:    Edward Hocking, et al. v. Ford Motor Company, et al.

## I. BACKGROUND

On April 11, 2019, Plaintiffs commenced this action in the Los Angeles County Superior Court.  (*See* Notice of Removal ("NoR"), Ex. 1, Complaint (Docket No. 1-1)).  Plaintiffs are residents of West Sacramento, California.  (*Id*. ¶ 2).  Ford is a Delaware corporation with its principal place of business is in Michigan.  (*Id*. ¶ 4; NoR ¶ 18).  Harrold Ford is a California corporation conducting business in Sacramento.  (Compl. ¶ 5).

The Complaint alleges as follows:

On February 12, 2013, Plaintiffs purchased from Harrold Ford a 2013 Ford C-Max vehicle (the "Vehicle").  (*Id*. ¶ 7).  Plaintiffs received an express written warranty in which Ford undertook to "preserve or maintain the utility or performance" of the Vehicle or to "provide compensation if there is a failure in utility or performance for a specified period of time."  (*Id*. ¶ 8).  The warranty provided, in relevant part, that in the event of a defect during the warranty period, Plaintiffs could "deliver the Vehicle for repair services to [Ford's] representative and the Vehicle would be repaired."  (*Id*.).  After purchasing the Vehicle and during the warranty period, Plaintiffs experienced problems with the Vehicle related to the engine, defects related to the Vehicle's Accessory Protocol Interface Module, defects relating to the electronic system within the Vehicle, and defects relating to the mechanics of the body of the Vehicle.  (*See id*. ¶ 9).

Plaintiffs allege that Defendants knew of the Vehicle's flaws and "were unable to service or repair the Vehicle to conform to the applicable express warranties after a reasonable number of repair attempts."  (*Id*. ¶ 13).

Plaintiffs assert five claims for relief: (1)–(3) violations of the Song-Beverly Consumer Warranty Act, Cal. Civ. Code §§ 1790 *et seq.*; (4) breach of express written warranty; and (5) breach of the implied warranty of merchantability (*Id*. ¶¶ 1–32).  Plaintiffs assert all five claims against both Defendants.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 19-4374-MWF (JPRx)           Date:  July 19, 2019
Title:    Edward Hocking, et al. v. Ford Motor Company, et al.

On May 20, 2019, Defendants timely removed the action, invoking the Court's diversity jurisdiction and asserting that Harrold Ford was fraudulently joined.  (*See* NoR ¶¶ 17–37).

## II.    REQUEST FOR JUDICIAL NOTICE

Along with the Motion, Plaintiffs request that the Court take judicial notice of an order in *Less v. Ford Motor Company*, No. 18-CV-1992-MAA, 2018 WL 4444509, (S.D. Cal. Sept. 18, 2018), remanding that action back to the San Diego County Superior Court.  (Request for Judicial Notice ("RJN") (Docket No. 10-5)).  Defendants do not oppose the RJN.

"[A] court may take judicial notice of 'matters of public record.'"  *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (quoting *Mack v. South Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986)).

The Court concludes that the requested unpublished order is an official public record.  Accordingly, the RJN is **GRANTED**.

## III.   DISCUSSION

Plaintiffs argue that the action should be remanded because Defendants (1) failed to show that Harrold Ford is a sham Defendant; (2) did not carry their burden of showing that the amount in controversy exceeds $75,000; and (3) did not carry their burden demonstrating that Plaintiffs are California citizens.  (Mot. at 4–18).

The threshold requirement for removal under 28 U.S.C. § 1441 is a "finding that the complaint . . . is within the original jurisdiction of the district court."  *Ansley v. Ameriquest Mort. Co.,* 340 F.3d 858, 861 (9th Cir. 2003).   Federal question jurisdiction is not asserted.  The issues, then, are whether there is complete diversity and whether the amount in controversy has been met.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 19-4374-MWF (JPRx)            Date:  July 19, 2019
Title:     Edward Hocking, et al. v. Ford Motor Company, et al.

"Because plaintiff's motion to remand challenges the basis of the court's subject matter jurisdiction, the court may consider extrinsic evidence." *Prime Healthcare Servs. – Shasta, LLC v. Sierra Pacific Indus.*, No. 15-CV-2007-CMK, 2016 WL 740529, at *2 (E.D. Cal. Feb. 25, 2016) (citing *McCarthy v. U.S.*, 850 F.2d 558 (9th Cir. 1988)).  While, in the context of a motion to remand due to lack of diversity jurisdiction, it is "well established that courts may pierce the pleadings . . . and examine evidence," it is "also well established that courts ought to construe facts in favor of the plaintiff where there is disputed evidence." *Reynolds v. The Boeing Co.*, No. 15-CV-2846-SVW (ASx), 2015 WL 4573009, at *3 (C.D. Cal. Jul. 28, 2015) (internal quotation marks and citations omitted).

"The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper, and that the court resolves all ambiguity in favor of remand to state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (internal quotation marks and citation omitted).

### A.     Complete Diversity and Fraudulent Joinder

The issue here is whether Harrold Ford is a sham defendant.  If so, then complete diversity does exist and this action should stay in this Court.  (The Court is unpersuaded by Plaintiffs' arguments that they are not California citizens.)  An exception to the complete-diversity rule recognized by the Ninth Circuit "'is where a non-diverse defendant has been 'fraudulently joined.'" *Hunter*, 582 F.3d at 1042 (quoting *Morris v. Princess Cruises, Inc.,* 236 F.3d 1061, 1067 (9th Cir. 2001)).  The joinder is considered fraudulent "[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state . . . ." *Id.* (quoting *Hamilton Materials, Inc. v. Dow Chemical Co.*, 494 F.3d 1203, 1206 (9th Cir. 2007)).  A removing defendant must "prove that individuals joined in the action cannot be liable on any theory." *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998); *accord Reynolds*, 2015 WL 4573009, at *2 ("To prove fraudulent joinder, the removing defendant must show that ***settled*** law ***obviously*** precludes the liability against the nondiverse defendant.") (emphasis added).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 19-4374-MWF (JPRx)              Date:  July 19, 2019
Title:     Edward Hocking, et al. v. Ford Motor Company, et al.

Because a defendant faces a heavy burden in establishing that remand is appropriate, a court determining whether joinder is fraudulent "must resolve all material ambiguities in state law in plaintiff's favor." *Macey v. Allstate Property and Cas. Ins. Co.*, 220 F. Supp. 2d 1116, 1117 (N.D. Cal. 2002) (citing *Good v. Prudential Ins. Co. of America*, 5 F. Supp. 2d 804, 807 (N.D. Cal. 1998)). "If there is a non-fanciful possibility that plaintiff can state a claim under [state] law against the non-diverse defendant[,] the court must remand." *Id.*; *see also Good*, 5 F. Supp. 2d at 807 ("[T]he defendant must demonstrate that there is no possibility that the plaintiff will be able to establish a cause of action in State court against the alleged sham defendant."). Given this standard, "[t]here is a presumption against finding fraudulent joinder, and defendants who assert that plaintiff has fraudulently joined a party carry a heavy burden of persuasion." *Plute v. Roadway Package Sys., Inc.*, 141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001).

Here, Ford argues that Harrold Ford's joinder is fraudulent because of the five claims brought against Harrold Ford, Plaintiffs' claim for breach of the implied warranty of merchantability is the only plausible claim and that claim is barred by the statute of limitations. (Opp. at 7–10). Ford also argues that, alternatively, the Court should exercise its discretion under Federal Rule of Civil Procedure 21 to drop Harrold Ford as a party. (*Id.* at 13).

### B.    **Statute of Limitations**

The statute of limitations is four years for Plaintiffs' claim for breach of the implied warranty of merchantability against Harrold Ford. *See* Uniform Commercial Code § 2725.

Ford argues that "Plaintiffs . . . purchased the subject vehicle on February 12, 2013," so the statute of limitations "expired in February 2017, more than two years before Plaintiffs filed suit." (Opp. at 8). Ford also argues that the delayed discovery rule does not apply. (*Id.* at 9–10). Ford finally argues that other tolling doctrines (*e.g.*, fraudulent concealment, class action tolling, and equitable tolling) are inapplicable. (*Id.* at 11–13).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV 19-4374-MWF (JPRx)			Date: July 19, 2019
Title:	Edward Hocking, et al. v. Ford Motor Company, et al.

In response, Plaintiffs argue that courts routinely reject Ford's argument that "implied warranty claims against a Ford-authorized dealership [are] time-barred." (Reply at 5–6 (citations omitted)). Plaintiffs contend that the limitations period was tolled until the "first repair visit after [the expiration of the express warranty] in which the defects again manifested." (Mot. at 11 (citing Compl. ¶ 8); *see* Reply at 4–5).

The Court agrees with Plaintiffs. As unlikely as their allegations appear—and unsupported as they may turn out to be—as allegations they are sufficient. The discovery rule allows for tolling of the statute of limitations in certain circumstances, including for a claim of breach of the implied warranty of merchantability. *See, e.g.*, *Daniel v. Ford Motor Co.*, 806 F.3d 1217, 1223 (9th Cir. 2015) (reviewing California Court of Appeal decisions and concluding that California law "does not create a deadline for discovering latent defects or for giving notice to the seller"); *Ehrlich v. BMW of N. Am., LLC*, 801 F. Supp. 2d 908, 922 (C.D. Cal. 2010) (finding the "statute of limitations for Plaintiff's breach of implied warranty claim thus began running in March 2008, when he first discovered that BMW would not repair his defective windshield").

A plaintiff may simply have no cause to suspect that he or she has been injured at the exact moment the injury accrued. In such instances, the plaintiff "must specifically plead facts to show (1) the time and manner of discovery and (2) the inability to have made earlier discovery despite reasonable diligence." *Fox v. Ethicon Endo-Surgery, Inc.*, 35 Cal. 4th 797, 808, 27 Cal. Rptr. 3d 661 (2005). "In assessing the sufficiency of the allegations of delayed discovery, the court places the burden on the plaintiff to 'show diligence' . . . ." *Id.* (quoting *McKelvey v. Boeing N.A., Inc.*, 74 Cal. App. 4th 151, 160, 86 Cal. Rptr. 2d 645 (1999)).

Here, Plaintiffs' claim as alleged against Harrold Ford is not time-barred and is tolled in at least two ways. First, it appears that Plaintiffs likely could not have discovered defects until March 2, 2015, the date of Plaintiffs' first repair visit after his powertrain warranty elapsed, at the earliest (all facts being accepted and all inferences granted). (*See* Mot. at 11). Second, after this initial discovery, Ford's authorized repair facility again performed warranty repairs on the Vehicle on "numerous

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 19-4374-MWF (JPRx)				Date:  July 19, 2019
Title:    Edward Hocking, et al. v. Ford Motor Company, et al.

occasions" that left the Vehicle out of service for a total of 49 days for ***warranty related*** repairs, again tolling the statute of limitations. (*Id.*).

In such an instance, evidence of a "non-warranty repair" has a tendency to put the consumer on notice and "establish that the [damaged vehicle component] was not fully repaired in conformance with the express warranty" during the warranty's existence. *Donlen v. Ford Motor Company*, 217 Cal. App. 4th 138, 148–49, 158 Cal. Rptr. 3d 180 (2013) (concluding that the plaintiff "is not obligated to identify or prove the cause of the car's defect . . . [and] is required only to prove the car did not conform to the express warranty"). Thus, Plaintiffs have pleaded sufficient allegations to demonstrate diligence and that they have no cause to suspect that the Vehicle was not fully repaired.

Plaintiffs' claim against Harrold Ford therefore could be found to be within the statute of limitations, howsoever unlikely that might turn out to be. Defendants thus have failed to meet its burden to show that Harrold Ford is a sham Defendant. *See, e.g.*, *Chipley v. Ford Motor Co.*, No. 18-CV-1161-YGR, 2018 WL 1965029, at *3 (N.D. Cal. Apr. 26, 2018) (remanding action and concluding that because "the claim against Galpin [Ford] is not time-barred on its face, and Ford has failed to meet its burden to show that Galpin [Ford] is a sham defendant"); *Less*, 2018 WL 4444509, at *3 (same with Carlsbad Ford); *Cardenas v. Ford Motor Co.*, No. 18-CV-1090-DSF (PLAx), 2018 WL 2041616, at *1 (C.D. Cal. Apr. 23, 2018) (same with Worthington Ford); *Jimenez v. Ford Motor Co.*, No. 18-CV-3558-JFW(ASx), 2018 WL 2734848, at *2 (C.D. Cal. June 5, 2018) (same).

To the extent Ford or Harrold Ford believes that Plaintiffs' claims are nonviable, Ford should have brought its argument "in the context of attacking the merits of [Plaintiffs'] case, rather than as a basis for removing the action to federal court" in the first place. *See Rodarte v. Ford Motor Co.*, No. 18-CV-10499-DMG (JEMx), 2019 WL 1100150, at *4 (C.D. Cal. Mar. 7, 2019) (remanding action and concluding that the plaintiff "adequately state[d] that he was unable to discover the facts underlying his causes of action" within the statute of limitations).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 19-4374-MWF (JPRx)                Date:  July 19, 2019
Title:    Edward Hocking, et al. v. Ford Motor Company, et al.

Therefore, for purposes of the strict doctrine of fraudulent joinder, Plaintiffs' claim is timely and not barred by the four-year statute of limitations.

### C.  Dropping Harrold Ford as a Party

Ford finally argues that the Court should "exercise its discretion under FRCP 21 to drop Harrold Ford as a party." (Opp. at 13). According to Ford, Harrold Ford "is not a necessary party" and Plaintiffs "can secure full relief from Ford alone because the gravamen of Plaintiffs' claims is that his Ford vehicle allegedly had an irreparable defect." (*Id.* at 14).

"[T]he court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21; *accord Armstead v. City of Los Angeles*, 66 F. Supp. 3d 1254, 1263 (C.D. Cal. 2014) ("If joinder is improper, Rule 21 provides that the court may, on its own or a party's motion, 'at any time, on just terms, add or drop a party.' (citations omitted)). Therefore, if plaintiffs fail to meet the standard for permissive joinder, "the district court may sever the misjoined plaintiffs, as long as no substantial right will be prejudiced by the severance." *Coughlin v. Rogers*, 130 F.3d 1348, 1351 (9th Cir. 1997) (citations omitted). In appropriate cases, courts can remedy misjoinder by dismissing the claims of all but the first named plaintiff without prejudice to the filing of individual actions. *Id.* at 1350–51.

Here, the Court concludes that the inclusion of Harrold Ford as a Defendant is proper. Plaintiffs' claims against Ford and Harrold Ford are inextricably linked and involve significant overlapping questions of fact and law. All of Plaintiffs' claims involve the same vehicle, the same alleged defects, and the same "protracted and, ultimately unsuccessful attempt to repair the Vehicle." (Reply at 3). It would therefore make little sense for Plaintiffs to pursue similar claims against Ford and Harrold Ford in two separate actions and courts.

To the extent that Ford believes that Harrold Ford is an unnecessary party and Plaintiffs could obtain full relief from Ford, this "does not make [Harrold Ford] a fraudulently joined defendant if [Plaintiffs have] pleaded a claim against it even if

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 19-4374-MWF (JPRx)                Date:  July 19, 2019
Title:    Edward Hocking, et al. v. Ford Motor Company, et al.

[they] did not have to plead such a claim." *Cardenas*, 2018 WL 2041616, at *1 (remanding action and, like here, rejecting the argument that "Worthington Ford was fraudulently joined because Plaintiff's single implied warranty claim against Worthington Ford is barred by the statute of limitations").

Simply put, Ford has provided no reason why, on just terms, the Court should drop Harrold Ford. Having concluded that there is not complete diversity, the Court need not address Plaintiffs' arguments concerning Defendants' failure to establish an amount in controversy exceeding $75,000 or Plaintiffs' status as California citizens based on the Complaint's allegations of residency.

Accordingly, the Motion is **GRANTED**.

## IV. CONCLUSION

The Motion is **GRANTED**. The Court **REMANDS** this action to the Los Angeles County Superior Court.

Because this Court lacks jurisdiction, nothing in this Order should be taken as a ruling or comment on the merits of the action, or whether a demurrer should be sustained or overruled in Superior Court.

IT IS SO ORDERED.